HASSELSCHWERT, APPELLANT, *v.* HASSELSCHWERT, APPELLEE.

(No. 156—Decided May 2, 1951.)

*Mr. C. A. Bakle,* for appellant.

*Mr. Otto W. Hess* and *Mr. George A. Meekisob,* for appellee.

MIDDLETON, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas dismissing plaintiff's petition on motion of defendant after the opening statement of counsel for plaintiff.

As shown by the bill of exceptions, the court dismissed the petition for the reasons, first, that the plaintiff did not come into court with clean hands, and, second, that the facts alleged in the petition did not constitute a cause of action.

Plaintiff brought her action to set aside a deed to real property, for partition, for accounting of personal property, and for damages for the wrongful detention of such personal property.

In the first cause of action plaintiff sets forth the marriage of the parties in 1924, and the deed by which the real estate in question was acquired by the plaintiff and the defendant jointly. It is then averred that the defendant, believing plaintiff was about to become involved in a lawsuit, suggested to plaintiff that she deed her one-half interest in the real estate to him; that defendant promised plaintiff that if she would execute a deed to him for the property he would later transfer it back to her; and that during the time the property remained in defendant's name plaintiff would be protected by will in case of defendant's death.

The plaintiff then avers that by reason of such promise she executed a deed to the property conveying her one-half interest therein to the defendant; that the conveyance was made without any consideration

whatsoever; and that the defendant never intended to keep his promise to reconvey.

It is averred further that the defendant repeatedly threatened to kill plaintiff and himself unless plaintiff would leave the premises; that because of these threats plaintiff moved to Illinois; that thereafter defendant instituted an action for divorce against plaintiff and again threatened her life if she attempted to contest the divorce action or to seek a property settlement; that plaintiff, by reason of said threats, did not enter her appearance or file pleadings; that a decree was entered granting the defendant a divorce; and that neither the property in dispute nor any other property was mentioned in the pleadings or in the decree in the divorce action.

For her second cause of action plaintiff avers ownership of certain personal property that she and the defendant owned jointly and that part of said property has been sold by the defendant and the remainder is in his possession. An accounting is asked of the defendant for the property sold, and partition of that remaining in defendant's possession.

For her third cause of action plaintiff alleges that certain personal property belonging to her was left in possession of the defendant. Replevin of this property is sought together with damages for its retention.

The defendant filed an answer in which he admits the marriage and later divorce of the parties, the execution of the deed to the parties jointly of the property in dispute, and the later deed from the plaintiff to defendant.

The answer then sets forth the circumstances claimed by the defendant to have led up to the execution of the deed which the plaintiff seeks to have set aside.

The defendant alleges further that the Court of

Common Pleas had jurisdiction in the divorce action to award plaintiff's interest in the property to the defendant, and that the plaintiff is now estopped to contest the validity of that conveyance.

By way of a second defense to plaintiff's first cause of action, defendant denies all averments of the first cause of action not specifically admitted to be true.

At the outset of the consideration of the questions here involved we are met by the admitted general rule that equity will not assist a grantor to recover land conveyed with an intent and purpose to defraud creditors.

This rule applies, whether there were or were not valid claims against the grantor at the time the land was conveyed.

The Supreme Court of Ohio has so held in the cases of *Pride* v. *Andrews,* 51 Ohio St., 405, 38 N. E., 84, and *Kihlken* v. *Kihlken,* 59 Ohio St., 106, 51 N. E., 969.

The court, in its opinion in the *Pride case,* in announcing the general rule, stated:

"There are cases, however, seemingly at variance with this rule, in which aid was extended to grantors who were *in delicto,* but not *in pari delicto* with the grantees. But these cases are exceptions to the well-defined and almost universal rule, and rest upon facts not existing in the case before us. Where there are different degrees of guilt as between the parties to the fraudulent or illegal transaction, it was said in *Roman* v. *Mali,* 42 Md., 513, that as an exception to the general rule, if one party act under circumstances of oppression, imposition, undue influence, or at great disadvantage with the other party concerned, so that it appears that his guilt is subordinate to that of the defendant, the court in such case will relieve.

"* * * It was conceded, however, that a court of

equity might assist the grantor where circumstances were shown to exist which recognized its interposition on other grounds of settled equity jurisdiction, 'such as fraud in procuring the deed, imposition by the grantee, a violation of some fiduciary relation, an abuse of confidence, delusion or the like on the part of the grantor at the time of executing the deed.' * * *

"* * * 'While it is possible to deduce from them a general principle that degrees of guilt will be recognized in such transactions, and that grantors may, in certain cases, reclaim the property fraudulently alienated, where the transaction was superinduced by the unfair action of a vendee who occupied some relation of confidence which enabled him to unduly influence the vendor, yet a very clear case with well defined reasons for excepting it from the general rule must be presented * * *.' "

In the light of the above statement, does the plaintiff, by the averments of her petition, bring herself within the exceptions therein outlined?

In the instant case it must be remembered that the deed was executed by the wife to her husband and at the solicitation of the husband.

Section 7999, General Code, provides:

"A husband or wife may enter into any engagement or transaction with the other, or with any other person, which either might if unmarried; *subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other.*" (Emphasis added.)

"Because of the dominating influence which a husband exercises over the wife, transactions between them to be valid, particularly as to the wife, must be fair and reasonable and voluntarily and understandingly made. Such transactions are closely scrutinized to prevent the wife from being unfairly treated by the

improper conduct of the husband * * *." *Brewer* v. *Brewer,* 84 Ohio App., 35, 40, 78 N. E. (2d), 919.

It was held in the case of *McClanahan* v. *McClanahan,* 79 Ohio App., 231, 72 N. E. (2d), 798:

"A defendant in an equity action may not avail himself of the defense of 'unclean hands' on the part of the plaintiff, where the questioned conduct of the latter affected third persons and not the defendant, and where the application of such defense would result in unjust enrichment of the one asserting it."

"(1) Where the owner of an interest in land transfers it *inter vivos* to another in trust for the transferor, but no memorandum properly evidencing the intention to create a trust is signed, and the transferee refuses to perform the trust, the transferee holds the interest upon a constructive trust for the transferor, if (a) the transfer was procured by fraud, duress, undue influence or mistake, or (b) the transferee at the time of the transfer was in a confidential relation to the transferor * * *." 1 Restatement of the Law of Trusts, 135, Section 44.

"If the owner of property transfers it *inter vivos* upon a trust which fails for illegality, ordinarily the transferee holds it upon a resulting trust for the transferor if the transferor was not in equal fault with the transferee. Thus, if the transferee induced the transferor to create the trust by fraud, abuse of a confidential relationship, or other improper means, the transferee holds upon a resulting trust for the transferor." 2 Restatement of the Law of Trusts, 1304, Section 422, Comment *d.*

The court in the instant case apparently considered the defendant's motion to dismiss the petition as a demurrer; therefore, the averments of the petition which are well pleaded must be considered true.

In view of these averments of the petition we are

of the opinion that undue advantage was taken of the plaintiff by the defendant; that because of the confidential relationship existing between the parties the defendant was able to persuade the plaintiff to transfer her property to him; and that any wrong intent on the part of the plaintiff was the result of the acts of the defendant.

Relief should not be denied the plaintiff by the application of the maxim "unclean hands," as applying to the plaintiff, when the conduct of the plaintiff was caused by the iniquitous conduct and threats of the defendant.

The averments of the petition set forth a cause of action for constructive trust, and to deny relief by permitting the defendant the defense of "unclean hands" would be to permit the defendant to retain property which, in good conscience, belongs to the plaintiff.

The defendant was in no position to invoke the doctrine of "unclean hands," which he claims as an aid to him in retaining this property.

The court erred in dismissing plaintiff's petition.

The second reason assigned by the court for dismissing the petition was erroneous, as the petition sets forth facts sufficient to constitute a cause of action.

*Judgment reversed.*

JACKSON and GUERNSEY, JJ., concur.