**FORD, Plaintiff-Appellant, v. FORD, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22986.   Decided March 17, 1954.

98

Simon Amdur, Cleveland, for plaintiff-appellant.
Wm. T. Arnos, Cleveland, for defendant-appellee.

(DOYLE, J, of the 9th District, sitting by designation in the 8th District in place of KOVACHY, J.)

## OPINION

By DOYLE, PJ.

The appeal is on questions of law from the Common Pleas Court of Cuyahoga County. The primary legal questions are: (1) Whether or not an express oral trust was impressed upon real property, or (2) Whether a deed absolute on its face may be held to operate as a mortgage.

The trial court found the evidence to be sufficient to establish a trust, and, upon such findings, entered its judgment for the defendant on her cross-petition. It is the duty of this court not to determine this question de novo, but to determine from the record whether such conclusion and subsequent judgment for the defendant is manifestly against the weight of the evidence or contrary to law.

The testimony, exhibits, and the reasonable inferences to be drawn therefrom, warrant the following conclusions:

William N. Ford, Sr., an elderly merchant in the City of Cleveland, found himself beset with creditors, and his continuance in business required additional capital. Although he was the owner of real property, his age precluded him from borrowing money from normal banking sources. To circumvent his handicap, he devised a scheme whereby he would transfer his property to his children, who in turn would mortgage the property and secure for him the necessary funds.

He first deeded the property to his daughter, Grace. Grace failed to secure a loan. Shortly thereafter, upon the request of the father, Grace deeded the property to her brother,

George, who had agreed to take title, secure a mortgage loan, give the proceeds to the father, and, upon its repayment by the father, reconvey the property to the father. George, for reasons not important here, likewise failed his father.

It was then agreed between the father, the son George, and another son, William Jr., that George, in whose name the property then stood, would execute and deliver a quit-claim deed to William Jr., who promised to mortgage the property, secure a loan of $6,000.00 give the money to the father, and upon repayment of the bank loan by the father, reconvey the property to the father.

Shortly after this arrangement, but before a loan was secured, the father, a widower, married a woman many years his junior. Apparently the son, William Jr., opposed the marriage and did nothing toward the fulfillment of his agreement. The father thereupon filed suit against him for the recovery of his property. Later following a reconciliation, the case was marked of record, "Settled and dismissed at costs of plaintiff, for which judgment is rendered." Likewise, a quit-claim deed was executed by the father and his new wife to William Jr., and his wife, for the same property.

A mortgage loan of $6,000.00 was then secured by William Jr., from The Cleveland Trust Company, and the money given over to the father for his business use.

The evidence further shows that the father and his wife (the latter holding under a duly executed lease) remained in the possession of the property, and the father paid, over a period of years, the entire amount of the loan, plus interest, to The Cleveland Trust Company, the mortgagee.

The father died testate in 1952. By will executed in 1947, he specifically devised the real property in question to his wife, Dorothy. The son, William Jr., died in 1947. Prior thereto, in 1944, he had gratuitously conveyed the property by quit-claim deed to his wife, Luella.

The litigants in the controversy before us are Luella, the plaintiff, who claims the property through the deed from her deceased husband, William Jr., and Dorothy, the defendant, who claims the property through testamentary devise from her deceased husband, William Sr.

The transactions between the various members of this family are so numerous and so mingled and shaded into each other, that a complete statement will not be here attempted. Suffice it to say that, when the various deeds were executed and delivered, they created gratuitous transfers of the fee to the several children, with none of the aspects of a gift or sale.

It is further observed that the form of the entry in the Common Pleas Court terminating the suit instituted by the father for the recovery of his property from his son, William Jr., was required by a title company "which was making up a policy title for The Cleveland Trust Company, the lender in the mortgage transaction involved in this lawsuit," and likewise, that the quit-claim deed from William Sr., and his wife, to William Jr., was required by the same company. These transactions were required by the title company "as a condition precedent to their closing of the loan in question."

In answer to the claim of the appellant, Luella Ford, that the settlement of the case noted in the preceding paragraph constituted res adjudicata, we experience no difficulty in finding the claim untenable. One reason which may be given, among many others, is that the cause of action in the "settled" case and the one now under consideration, is not the same, nor does the journal entry indicate, from the facts shown to exist, that the settlement and dismissal of the case was for any other purpose than to permit a consummation of a loan upon the property, in pursuance of the agreement of the parties.

We now proceed to the question of whether the evidence justified a finding of the existence of an express trust.

It has long been the law in this State that parol evidence is competent to prove an express trust in real property.

**Harvey v. Gardner, 41 Oh St 642.**

**Russell v. Bruer, 64 Oh St 1.**

**Hill v. Irons, 160 Oh St 21.**

A parol contemporaneous agreement that the grantee in a deed would reconvey the real estate in question upon the payment by the grantor of obligations incurred by the grantee, does not vary the terms of the deed, but sets up a new right and independent agreement consistent with the deed.

**Rieger v. Hotel Rieger Co., 124 Oh St 152, at p. 159.**

In the case now under review, we find a series of business transactions between a father and his children, and a contemporaneous oral agreement with the delivery of each deed that the property would be held in trust for an express purpose. This factual situation is sufficient to create an express trust. Further, when the conditions imposed upon the grantor by the oral agreement were fulfilled by the payment of his obligations, and the time for redelivery had arrived, a refusal by the grantee or his privy to reconvey would have justified a court in impressing a constructive trust upon the property, on the theory of unjust enrichment.

There may be found also in this case a confidential relation as one of the procuring causes of the conveyances. The

grantor may well have thought that, in the bond of kinship, he had a protection as potent as any that could be assured to him by covenants of title. It appears to be a case of a confidence induced, not only by the bare promises of others, but by the promise and the confidential relation conjoined. In such situations, the rule is almost universal that equity will grant relief.

It perhaps should be here noted that all of William Ford Sr.'s children, both by affinity and consanguinity, knew of the circumstances surrounding the transfers of the property.

Thus far we have discussed a trust relationship. While we rest our decision upon this theory, there is another forceful argument (not presented by counsel) which may be advanced to sustain the relief awarded by the trial court. We quote from 4 Pomeroy's Equity Jurisprudence (Fifth Ed) Sec. 1196:

"Any conveyance of land absolute on its face, without anything in its terms to indicate that it is otherwise than an absolute conveyance, and without any accompanying written defeasance, contract of repurchase, or other agreement, may, in equity, by means of extrinsic and parol evidence, be shown to be in reality a mortgage as between the original parties, and as against all those deriving title from or under the grantee, **who are not bona fide purchasers for value and without notice.** The principle which underlies this doctrine is the fruitful source of many other equitable rules; that it would be a virtual fraud for the grantee to insist upon the deed as an absolute conveyance of the title, which had been intentionally given to him, and which he had knowingly accepted, merely as a security, and therefore in reality as a mortgage."

See: **Slutz and Larue v. Desenberg et al, 28 Oh St 371; Wilson v. Giddings, 28 Oh St 554; 27 O. Jur., Mortgages, pg. 282, Sec. 36;** 59 C. J. S. Mortgages, Sec. 35, et seq.

While the conveyance was made to one whose personal qualifications, coupled with the property as security, was sufficient to borrow $6,000 from a bank, and the property was conveyed for that purpose, nevertheless, while the bank was entitled to receive payment out of the property if not otherwise paid, the grantee was likewise entitled to hold the property as security for the obligation of the father to him if he had been compelled to pay the debt. In considering the question whether an equitable mortgage came into existence, of course, the difference in the value of the property and the amount of money borrowed is of great importance. The trial court in the instant case could have found that the value of the property was much more than $6,000.00 at the time the loan was secured from the bank, and the father became obligated to the son for the son's debt at the bank.

A complete statement of the various pleadings and issues we deem non-essential to this opinion, because the issues heretofore discussed determine the case. Suffice it to say, that the plaintiff below, appellant here, Luella Ford, the widow of William Ford Jr., claimed ownership of the property by deed from her husband, and sought its possession, plus an accounting for rents and profits claimed to be due her. The defendant below, appellee here, Dorothy Ford, widow of William Ford Sr., claimed ownership by a testamentary devise from her deceased husband, and prayed that the legal title be established in her as a result of the termination of a trust through the fulfillment of the obligations imposed upon the cestui. The reply of the plaintiff below, pleaded res adjudicata. and further that the equitable and legal title had at all times been in her and her predecessor—her husband.

The trial court found the plaintiff to be the successor trustee to her husband, and that William Ford, Sr., had been the equitable owner of the property; that by virtue of his testamentary devise, his interest became vested in his widow, Dorothy Ford; and, the conditions of the trust having been fulfilled, the trust was terminated and the legal title to the property should be conveyed by deed to the defendant. The trial court entered its order accordingly.

We find no error prejudicial to the rights of the appellant, and the judgment will be affirmed.

Judgment affirmed. Exceptions. Order see journal.

HURD, PJ, SKEEL, J, concur.