In re Estate of Sandusky.

(No. 81750—Decided July 17, 1973.)

Common Pleas Court of Mahoning County, Probate Division.

*Mr. George A. Chuparkoff,* for exceptor.
*Mr. Kenneth C. Schafer,* for the estate.

HENDERSON, J. This was heard upon exceptions to the amended inventory of Andrew Sandusky, administrator of the estate of Mary Sandusky, who died intestate November 22, 1970. The amended inventory listed the home in which the decedent had lived as the sole property of the decedent, with a notation that a daughter, Helen Zack, held the record title to an undivided one-half interest in the premises as trustee for her mother. Mrs. Zack filed exceptions to the inventory claiming to be the legal and beneficial owner of the undivided one-half interest.

The evidence disclosed that the decedent died leaving

three next of kin, a son, Andrew Sandusky, the administrator, and two daughters, Mrs. Anne Quinn and Mrs. Helen Zack, the exceptor. All three children had lived with their mother in a rented home until their marriages, all having helped to support their mother and to defray the expenses of the home.

In July, 1961, at which time she was living by herself, the decedent purchased the home which is the subject of the controversy. The purchase price was $10,800. which she paid with about $7,000 in cash from her own funds, and a note and mortgage to the Home Savings & Loan Co., for the balance of $3,800. Of the cash applied on the purchase price, $2,040 was obtained by cashing savings bonds in the joint names of the decedent and Andrew Sandusky, and $2,250 was obtained from a savings account in the joint names of the decedent and Helen Zack. The mortgage required a co-signer, because of the decedent's age and modest income, and Helen Zack and her husband, Stephen, at decedent's request signed the note and mortgage after Mrs. Quinn and her husband had declined to do so. The deed to the house was drafted with the names of the decedent and Helen Zack as grantees by a lawyer now deceased. None of the witnesses could explain why Helen Zack's name was put on the deed, and Mrs. Zack herself denied having asked her mother to do so. Andrew and Anne knew of their sister's name upon the deed, although the testimony varied as to the date of their discovery of this fact from six months to six years after delivery. The loan officer of the mortgagee testified that it would not have required the name of either co-signer of the mortgage note to have been on the deed, and that he could not recall that the decedent had ever questioned the title of her property during any of several conferences he had had with her after the purchase. Helen Zack and her husband paid about $677 in mortgage note and insurance payments upon the house during the mother's lifetime.

Normally a purchase by one person on a consideration furnished by himself, where the conveyance is taken in the name of another, raises a resulting trust in favor of the

actual purchaser. 53 Ohio Jurisprudence 2d 599, Trusts, Section 103. But a conveyance on a consideration from a parent, where title is taken in the name of a child, generally does not raise, but on the contrary rebuts a resulting trust, and raises a presumption of a gift or advancement to the grantee. *Vanzant* v. *Davies* (1856), 6 Ohio St. 52; 53 Ohio Jurisprudence 2d 603, Trusts, Section 104; 2 Restatement of the Law, Trusts 2d, 402-403, Section 442. This presumption may be rebutted, but the burden of proof is upon the party claiming a resulting trust to do so by clear and convincing evidence, although such evidence may be circumstantial. *Lieberman* v. *Present* (1953), 94 Ohio App. 451, 115 N. E. 2d 865.

Counsel for the estate maintains that the presumption should not be applicable in this case since there are three children and the mother should not be presumed to prefer her daughter over the other two children. A case in Ohio has been found making such a distinction, but in that case the children themselves had conveyed the title to the premises involved to their mother and one of the children, a circumstance not present here. *Lieberman* v. *Present*, *supra*. And, in another case, the court applied the presumption of a gift to one child even though there were two others. *Venetta* v. *Venetta* (1963), 92 Ohio Law Abs. 289, 194 N. E. 2d 872.

There is another rule which appears pertinent in this case. It is that where one person pays the whole of the purchase price for land and has the conveyance made to himself and another person as joint tenants or tenants in common, the very fact that the title is taken in this way is an indication of an intention to make a beneficial gift of an undivided interest in the property to the other person. 5 Scott on Trusts 3332 (3d Ed.); Section 441.4; 2 Restatement of the Law, Trusts 2d 398, Section 441, Comment e. According to another authority the finding of an intended gift from a parent to a child is made easier when the ownership is taken jointly in the name of the payer and the transferee. 4A Powell on Real Property, 564.112, Paragraph 592.

As counsel for the estate points out, it may be considered improvident for the mother to have intended to vest one-half interest in her home in one of her children. But yet the daughter whose name was on the deed was the only child who obligated herself to pay a part or all of the mortgage indebtedness upon the mother's home, and actually paid a small portion of the mortgage payments and insurance expenses. The mother's exclusive possession of the property during her lifetime, and the failure of Mrs. Zack to exercise any of the rights of ownership would not seem necessarily inconsistent with an intent on the part of the mother to make a gift to her daughter. Mrs. Zack and her husband had their own home, and the whole purpose of the purchase was to enable the mother to have hers.

There is no direct evidence whatsoever of the mother's intent, whether she instructed the attorney who drafted the deed to put Helen Zack's name on it along with hers, or when, if ever, she became aware that her daughter's name was on the deed. The contention that Mrs. Zack's name was added only as a convenience to the savings and loan company is contradicted by the testimony of the loan officer, and inconsistent with the circumstance that the name of Mrs. Zack's husband, though also a co-signer on the note and mortgage, was not on the deed.

It is indeed unfortunate that in this case evidence of the true intention of the decedent was not available. But the court cannot resort to conjecture. And because of the lack of such evidence, either direct or circumstantial, the presumptions of gift raised by the mother-daughter relationship and the joint grantees on the deed compel the court to conclude that a gift was intended and that Helen Zack was the legal and beneficial owner of an undivided one-half interest in the premises inventoried. The exceptions must be sustained.

*Exceptions sustained.*