**OHIO STATE LIFE INSURANCE COMPANY, Plaintiff-Appellee v. UNION PROPERTIES, INC., Defendant-Appellant; PECSOK, et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 18970. Decided July 6, 1943.

George W. Leddon, for plaintiff-appellee.
Lindemann & Ziegler, Cleveland, for defendant-appellant.
William B. Pecsok, Cleveland, for defendants-appellees.

**332**

GUERNSEY, P. J., JACKSON, J. (3rd District), and SHERICK, J. (5th District), sitting by designation.

## OPINION

BY THE COURT:

This is an appeal upon questions of law and fact from a judgment of the Court of Common Pleas of Cuyahoga county, Ohio, in an action pending therein wherein the appellee, The Ohio State Life Insurance Company was plaintiff and the appellant. Union Properties, Inc., and the appellees, William B. Pecsok, Paul Pecsok, Mary Pecsok and Vera Pecsok were defendants.

The action as originally commenced was an action by the plaintiff-appellee, Ohio State Life Insurance Company, against the defendants-appellees, William B. Pecsok, Paul Pecsok, Mary Pecsok and Vera Pecsok for the foreclosure of a mortgage upon certain real estate the title to which stands of record in the name of William B. Pecsok, Trustee.

Union Properties, Inc., the owner of a judgment against Mary Pecsok and Paul Pecsok, became a party defendant to the action and by cross-petition prayed that the title held in the name of William B. Pecsok, Trustee be declared to be held by William B. Pecsok as Trustee for Mary Pecsok, and for sale of the property and the satisfaction of its judgment, and other equitable relief.

The question for determination is whether or not a trust in the real estate upon which plaintiff's mortgage is sought to be foreclosed has been created in William B. Pecsok, Trustee, for the benefit of his mother, Mary Pecsok.

The entire consideration for the real estate in question was furnished by Mary Pecsok and the conveyance was made to William B. Pecsok, Trustee, at her request and direction. William B Pecsok is a son of Mary Pecsok. Nothing is said in the instrument of conveyance as to the character and purpose of the trust.

"In cases where no question arising out of relationship of the parties is involved and the trust sought to be established is in land paid for by one person, the conveyance to another, it is necessary to show only that the cestui que trust furnished the purchase money for the land in controversy and that the deed was taken in the name of another, the trustee." 26 R. C. L. 1231, ¶77.

The trust resulting in this situation is one in which the trustee holds the naked legal title in trust for exclusive use and benefit of the person furnishing the consideration.

When a parent purchases land and takes a deed to a child it is prima facie an advancement to the child, the law presuming such to be the intention of the parent. But this presumption may be rebutted and whenever it expressly appears that the parent intended that the conveyance should not be considered such, then the child takes a trust estate. **Fleming v Donahoe, 5 Ohio Reports, p. 255.**

"Where it clearly appears from the circumstances existing at the time of the conveyance that it was not intended that the child should take a beneficial interest a resulting trust will arise in favor of the parent." 65 C. J., ¶179, p. 419.

Considering the instant case in the light of the foregoing rules, the presumption of an advancement by the mother to the son arising in cases where a parent purchases land and takes a deed therefor to a child, is completely rebutted by the title being taken in the name of the child as trustee, and such presumption being rebutted, the rule applicable to cases where no question arising out of the relationship of the parties is involved, is applicable to the conveyance in question; and nothing being said in this conveyance as to the character and purpose of the trust, the trust is one in which the trustee holds the title for the exclusive use and benefit of the parent furnishing the consideration.

Furthermore, the other facts in evidence sustain this conclusion.

It follows that the defendant, Union Properties, Inc., is entitled to the relief prayed for in its answer and cross-petition against the defendants, William B. Pecsok, et, and it is so decreed.

GUERNSEY, P. J., JACKSON and SHERICK, JJ., concur.