**In the Matter of CLEVELAND DIS-TRIBUTING CO., Bankrupt.**
**UNITED VINTNERS, INC., Appellant,**
**v.**
**Maurice WELTMAN, Trustee in Bankruptcy, Appellee.**
Nos. 19491, 20333.

United States Court of Appeals,
Sixth Circuit.

Aug. 5, 1970.

Edward J. Maher, Robert E. Sweeney, Cleveland, Ohio, on brief, for appellant

Edward A. McLeod, Cleveland, Ohio, for appellee; Theodore R. Spilka, Cleveland, Ohio, on brief.

Before PHILLIPS, Chief Judge, and PECK and McCREE, Circuit Judges.

PER CURIAM.

This is a bankruptcy proceeding from which two appeals have been perfected. A motion to consolidate was granted April 1, 1970.

In No. 19,491 United Vintners, Inc. appeals from an order of the District Court entered December 10, 1968, which affirmed in part, reversed in part and remanded in part a turnover order entered against it by the referee in bankruptcy. When the appeal came on for hearing on the docket of this Court on December 4, 1969, it was determined that the matters remanded by the District Court to the referee were so related to the matter then before this Court that in the interest of judicial economy the appeal in No. 19,491 would be continued pending resolution of the remanded matters.

The appeal in No. 20,333 is taken by United Vintners, Inc. from an order of the District Court affirming the referee's resolution of the questions remanded.

Considered together, the appeals present questions which arise under §§ 60(a) and (b), 67(d) (2) and 70(e) (1) of the Bankruptcy Act and § 1313.56 of the Ohio Revised Code. The referee found that several transfers made by the

---

bankrupt, Cleveland Distributing Co., to United Vintners constituted voidable preferences under § 60 of the Act. This finding was affirmed by the District Court. The referee further found that a transfer back to the appellant by the bankrupt of merchandise valued at some $34,000 did not constitute a fraudulent transfer under §§ 67(d) (2) and 70(e) of the Act. This holding was reversed by the District Court. A third finding of the referee, made upon the remand, that appellant's removal of $62,455.89 worth of merchandise from the premises of the bankrupt constituted a voidable preference was affirmed by the District Court.

On this appeal appellant raises several issues. The strongest contention is that in several respects the referee made and the District Court affirmed findings of fact which are not supported by the record and are clearly erroneous.

This case is factually complicated. Without going into details, it is sufficient to note that the taking of evidence extended over several months and the rather extensive record reveals that there was much conflict in the evidence presented before the referee. The District Court after a review of the referee's findings accepted them, and this is true even in the instance where the referee was reversed as to the fraudulent transfer. Indeed the District Court relies upon the referee's findings as to the indebtedness and the assets of the bankrupt in concluding that the transfer had been made at a time when, under the legal standard employed, the bankrupt clearly was insolvent.

In his memorandum and order of December 10, 1968, the District Judge remanded to the referee for additional findings of fact and conclusions the issue of whether the $62,455.89 worth of merchandise removed from the warehouse constituted a voidable preference. This merchandise was shown to have been removed from the fenced portion of the warehouse. The referee expressly

was directed to determine whether United Vintners had a valid, legal field warehouse in existence on December 20, 1964; whether the space for the field warehouse was effectively segregated from the remainder of the bankrupt's premises; whether the custodian of the warehouse was properly selected so that there could be no question that the bankrupt, for practical purposes, was not in control of the grounds; whether access by the bankrupt was allowed except under the close supervision of the custodian; and whether the warehouse area of United Vintners was locked when the custodian was absent. Upon the basis of the evidence the referee made findings of fact answering all these questions contrary to the contention of appellant. The referee further held that the $62,455.89 worth of wine products taken from the United Vintners portion of the bankrupt's warehouse on December 20, 1964, constituted a voidable preference and that at least one of the creditors of the bankrupt was actually deceived by the warehouse arrangement as to the ownership of the merchandise behind the wire fence. On petition to review, these findings were approved by the District Court.

 In a bankruptcy proceeding where there are concomitant findings of fact by the referee and the District Court it is the well settled rule that the findings will not be set aside on appeal upon any basis other than the demonstration of plain mistake. Ray v. Maguire, Trustee, 339 F.2d 175, 178 (6th Cir.). No plain mistake is established by the record on the present appeals. To the contrary we find that there is ample evidence to support the findings made, although the record contains conflicting evidence which might have sustained different conclusions.

All other contentions advanced by the appellant have been considered and are found to be without merit.

Affirmed.