THE STATE OF OHIO, APPELLEE, *v.* MOORMAN, APPELLANT.

(No. C-810304—Decided February 24, 1982.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Christian J. Schaefer* and *Mr. John D. Valentine,* for appellee.

*Ms. Ellen T. Wolf,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

The record reflects that on December 8, 1980, defendant-appellant, Thomas Moorman, was arrested for allegedly robbing a woman at knife-point in downtown Cincinnati. He was subsequently indicted for aggravated robbery in violation of R.C. 2911.01 and his cause first was tried to a jury which was unable to agree on a verdict. A second jury was impanelled and it found appellant guilty of aggravated robbery. The court below entered judgment and imposed sentence accordingly. The instant appeal derives from that judgment.

Appellant assigns three errors, the first of which is that "the verdict of guilty and the judgment of conviction were against the manifest weight of the evidence and contrary to law." In support of this assignment, appellant argues that his conduct subsequent to the alleged robbery was inconsistent with the conduct of a man who had committed aggravated robbery,[1] emphasizing an inconsistency between the victim's testimony and the arresting officer's testimony concerning the coherence of appellant's speech on the day in question. Despite this testimonial inconsistency and appellant's seemingly innocent behavior, our review of the record indicates that sufficient evidence of substantial probative value was introduced in the trial below to warrant the jury's finding of guilt. Thus, appellant's argument is without merit and his first assignment of error is overruled.

Appellant's second assignment of error is that the lower court erred in permitting hearsay evidence to be introduced into evidence over appellant's objections. The evidence which appellant claims was improperly admitted was the testimony of the arresting officer regarding statements made to him by a man at the scene of the alleged robbery. The police officer testified as follows:

---

[1] Appellant was arrested approximately one block from where the robbery allegedly took place. He testified that at the time of his arrest he was waiting for a bus.

"Q. Approximately 11:00 o'clock, a.m., where were you at that time?

"A. I was driving in a police van north on Vine Street.

"Q. I see. And as you approached Court Street, what, if anything, happened?

"A. At the southeast corner of Court and Vine, a gentleman was out of [*sic*] the curb and he was waving at me and I pulled over and he told me a woman had just been robbed.

"MR. COLLINS: Objection.

"THE COURT: Overruled.

"A. And then he stated, 'There is the man you want, right up there, that's the guy you want.' And he said, 'Watch him, he's got a knife.' And I said, 'Wait a minute, now, which guy do you mean,' because I looked up the street and I said, 'You mean the fellow with the hat on up there, the leather hat,' and he said, 'That's the guy, right by the pole up there by the post.' Okay. So, I went right up there.

"MR. COLLINS: Your Honor, there will be an objection to all of that testimony.

"THE COURT: Overruled."

Appellant argues that this testimony contains hearsay which should not have been admitted into evidence because it does not fit within any of the exceptions to the hearsay rule delineated in Evid. R. 803 or 804.

We cannot agree.

The above-quoted testimony was properly admissible under Evid. R. 803(2), which provides:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

"* * *

"(2) Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

The Staff Note to Evid. R. 803(2) indicates that the excited utterance exception to the hearsay rule is the same evidentiary rule that, prior to the adoption of the Ohio Rules of Evidence, was comprehended within the *res gestae* rule. Spontaneity and the lack of an opportunity to engage in reflective thought are the essential criteria in determining whether this exception to the hearsay rule is applicable in a given cause. *Potter* v. *Baker* (1955), 162 Ohio St. 488 [55 O.O. 389]. The initial determination, however, must be whether the declarant personally observed the matters asserted in his statement or declaration.

In the instant cause no direct proof was offered to show that the declarant actually observed the alleged robbery. However, the fact that he observed the crime may be inferred from the victim's testimony describing the events on the day in question. The victim testified that after appellant took her purse, he went to an adjacent alley and, while she and two other persons watched, removed the money from her purse. He then walked to the other end of the alley, into a parking lot and back onto Vine Street. The victim testified that after she watched the appellant depart:

"I went around and the gentleman that was there with me at the edge of the alley went around on Court Street over to Vine the same way that I had walked on Court Street. There was a bank on the corner and the man that was there that was at the edge of the alley with me, he said, 'I'll go out and try to flag down a policeman,' and I said, 'I'm going in the bank,' and as we both got to the edge of the corner of Vine, standing across the street not at a very short distance from where the crosswalk was leaning back against, I think that's the Kroger Building there, was a person who robbed me."

The fact that the declarant observed the alleged robbery firsthand can be reasonably inferred from his unsolicited statement that he would summon a police officer and that at the time he made the

statement he was in the immediate vicinity of the crime.

An examination of the arresting officer's testimony, quoted above, sufficiently demonstrates that the declarant's statement was spontaneously made before he had time to engage in any reflective thought. The arresting officer testified that he first saw the declarant standing off the curb waving to him and that the declarant's first statement to the officer was that a woman had just been robbed. His next statements were an agitated attempt to identify the perpetrator. The victim's testimony indicates that she saw the declarant stop the police officer and that this action took place a short time after the alleged robbery. Thus, our examination of the record compels us to hold that when he spoke with the arresting officer, the declarant was under such a state of emotional shock that his statements were spontaneously made at a time when his reflective processes were temporarily stilled. Thus the officer's testimony was admissible under Evid. R. 803(2). Appellant's argument is without merit and his second assignment of error is overruled.

Appellant's final assignment of error is that:

"Trial counsel was so ineffective that the defendant/appellant was denied his 6th and 14th Amendment rights, and said denial was so prejudicial and affected the outcome of the trial."

Appellant argues in support of this assignment that his trial counsel failed to file a motion to suppress the weapon seized by the arresting officer during his pat-down search of appellant. Appellant asserts that this failure was prejudicial and resulted in ineffective assistance of counsel.

Our examination of the record reveals that had such a motion to suppress been made, it would have been without merit since the weapon was taken by the police officer during a lawful pat-down search pursuant to a lawful arrest. Thus, the failure to make such a motion does not constitute ineffective assistance of counsel. Our examination of the record further requires us to hold that appellant's trial counsel committed no substantial breach of any essential duty owed by him to appellant, and that, examining all the circumstances, appellant had a fair trial at which substantial justice was done. Appellant's assignment of error is overruled.

The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

SHANNON, P.J., DOAN and KLUSMEIER, JJ., concur.