In re James PHILLIPS, Jr., Bobbie Jo Phillips, Debtors.

John J. HUNTER, Trustee, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, et al., Defendants.

Bankruptcy No. 81–02849.
Adv. No. 82–1130.

United States Bankruptcy Court,
N.D. Ohio, W.D.

June 6, 1984.

John J. Hunter, Toledo, Ohio, trustee/plaintiff.

Ronald R. Henderson, Toledo, Ohio, for defendants Coulter and Phillips.

## OPINION AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on for trial upon the Trustee's Complaint for Turnover of two insurance policies with the Metropolitan Life Insurance Company in the name of James Phillips, Jr. The Court finding the Trustee holds such policies subject to a resulting trust in favor of Shirley Ann Coulter, the Trustee's complaint is dismissed with prejudice.

## FACTUAL BACKGROUND

The Debtors, James Phillips, Jr. and Bobbie Jo Phillips, filed a voluntary petition under Chapter 7 of the Bankruptcy Code in December of 1981. John J. Hunter was then appointed and has continued to be the duly qualified and acting trustee of this estate.

Bobbie Jo Phillips is the cousin of Defendant, Shirley Ann Coulter. In December of 1978 Shirley Ann Coulter's brother, Joe Coulter, died survived by his two minor daughters, Monica Lynn and Tracey Marie Coulter, ages 12 and 10 respectively at the time of their father's death, and his former spouse from whom he was divorced. Upon Joe Coulter's death, Shirley Ann Coulter became the guardian of his two minor children.

Shirley Ann Coulter was the sole beneficiary of an insurance policy on the life of Joe Coulter. At his death, she became the sole owner of the proceeds of the policy in the amount of approximately $160,000. Shirley elected to receive payment of the insurance money in one lump sum of $25,000 plus installments of approximately $3,000 four times a year for a period of 15 years.

James Phillips, Jr. and Shirley Ann Coulter set up a joint combination checking and savings account at The Huntington National Bank. All of the monies deposited into the account had their origin in the insurance money received by Shirley Ann Coulter upon her brother's death.

Certain checks were drawn on the account with The Huntington Bank. Several of the checks were designated as "loans" to James Phillips, Jr. which totalled approximately $10,000. Another check was made payable to Shirley Ann Coulter and also

designated as a loan. Finally, other monies were drawn from the account for the purchase of certain "endowment" life insurance policies on the lives of Monica Lynn and Tracey Marie Coulter with the Metropolitan Life Insurance Company.

Although absolute owner of the insurance money on Joe Coulter's life, Shirley Ann Coulter testified that she intended to set up a "trust" from the money for the benefit of her brother's children. Being uncertain as to how this could be accomplished and how the money could best be invested, she enlisted the help of James Phillips, Jr. who had college training in the field of accounting and was experienced in the areas of accounting and insurance sales.

In order to facilitate the creation of a trust for the girls, James Phillips, Jr.'s name was placed on the joint account at The Huntington Bank. The policy provisions of the endowment insurance policies with the Metropolitan Life Insurance Company (Metropolitan) showed that James Phillips, Jr. was the owner and beneficiary with Shirley Ann Coulter as successor owner and beneficiary in the event of James' death before the girls. As "owner" of the Metropolitan Life Insurance policies, James Phillips, Jr. was entitled to exercise all rights of ownership under the policies including receipt of certain cash dividends and the right to redeem the policies at a certain cash surrender value depending upon the number of premiums paid. At the end of 15 years, if all the premiums were paid, the endowment policies would have a guaranteed cash value of $15,000 each.

## DISCUSSION

The Trustee asserts that James Phillips, Jr. was the absolute owner of the life insurance policies with Metropolitan on the date of the filing of the petition in bankruptcy and, accordingly, claims that the policies are property of the debtors' estate under 11 U.S.C. § 541. Debtors contend that the policies were held by James Phillips, Jr. in trust for Monica Lynn and Tracey Marie Coulter as a result of an oral express trust created by Shirley Ann Coulter and, therefore, deny any claim of equitable ownership or interest on the part of the trustee.

■ As the defendants have correctly pointed out, if the endowment life insurance policies held in the name of James Phillips, Jr. can be said to be impressed with a trust wherein James Phillips, Jr. is the holder of the legal title only, the right to beneficial enjoyment of the property being held for third persons, the trustee would hold the property subject to such equities.

> The rule is elementary that the estate succeeds only to the title and rights in the property that the debtor possessed although the trustee is armed, of course, with the special rights and powers conferred upon him by the Code itself. Therefore, where the debtor is in the possession of property impressed with a trust which is valid under the terms of the Code, the estate will generally hold such property subject to the outstanding interest of the beneficiaries.

(footnote omitted)

4 *Collier on Bankruptcy* ¶ 541.13 at 541–70 (15th ed. 1979). The existence or validity of such third party equities in property held by a trustee in bankruptcy is determined by local state law. *Clemens v. Clemens (In re Clemens)*, 472 F.2d 939, 942 (6th Cir.1972). The Court must therefore determine the relative equities of the parties in this case according to the law of the state of Ohio.

■ Under the law of Ohio, a trust in personal property may be established orally, or in writing, by the declaration that the settlor holds the property in trust for another or by naming another trustee. *Hoffman v. Vetter*, 117 Ohio App. 233, 192 N.E.2d 249 (1962); *Thomas v. Dye*, 70 Ohio Law Abs. 118, 127 N.E.2d 228 (Ct.App. 1954). Proof of creation of the trust must be by clear and convincing evidence. *Id.* *See generally,* 53 Ohio Jur.2d Trusts § 25. While the elements of an express trust have been variously stated, the Ohio Su-

preme Court has found the following elements to be essential:

> (1) an explicit declaration of trust accompanied by an intention to create it, or circumstances which show beyond reasonable doubt that a trust was intended to be created; (2) an actual conveyance or transfer or a lawful, definite property, estate, or interest, for a definite term, made by a person capable of making a transfer thereof; and (3) a vesting of the legal title presently in a person capable of holding it, to hold as trustee for the benefit of a cestui que trust or purpose to which the trust fund is to be applied, or a retention of title by the owner under circumstances which clearly and unequivocally disclose an intention to hold for the use of another. It has also been held that one of the important elements of a trust is certainty.
>
> (footnotes ommitted)

53 Ohio Jur.2d Trusts § 40 at 480–481.

In the case *sub judice*, the Trustee contends that no express trust can be found since Shirley Ann Coulter never expressed a present intention to create a trust but only an intention to create one in the future. The Trustee also contends that, due to the failure of the settlor to have expressed the precise terms of the purported trust, the trust should be declared void for lack of certainty.

Based upon the evidence adduced at trial, if the result of this case in fact depended upon a finding of the existence and validity of an oral express trust in the life insurance policies, the trustee's arguments against the existence of a trust may indeed be well taken. The testimony of Shirley Ann Coulter, corroborated by that of other witnesses and of the documentary evidence admitted in this case, was unequivocal that she indeed intended that the life insurance policies purchased with her money drawn out of The Huntington National Bank were purchased with the purpose and intention of neither making a gift nor a loan of the money to James Phillips, Jr., the legal titleholder of the policies, but with the purpose and under the impression that Phillips was

to use his background and experience to help her in creating a formal trust in the policies for the benefit of Monica Lynn and Tracey Marie Coulter in the future. Also, on cross-examination, Shirley Ann Coulter was unable to describe certain terms of the trust she intended to create such as when, if ever, either of the girls would have the proceeds of the policies distributed for their benefit.

■ At issue is whether Shirley Ann Coulter made a complete and in praesenti declaration of trust. "To constitute a declaration of trust, the language must relate to the present. Language expressing future purposes, plans, designs or intentions are inappropriate to create a trust." *Rosselott v. Rosselott*, 93 Ohio App. 425, 429, 113 N.E.2d 639, 642 (1952). *See also DeLacroix v. L. Eid Concrete Steel Co.*, 8 Ohio N.P. (n.s.) 489, 19 Ohio Dec. 767 (C.P.1909) (Loose, vague and indefinite expressions are insufficient to create a trust. A mere declaration of purpose to create a trust is of no value unless carried into effect). *See generally* 53 Ohio Jur.2d Trusts § 45. While not controverting Shirley Ann Coulter's testimony, defendants contend that, notwithstanding that the parties did not understand that a trust was created, considering all the facts and circumstances of this case, the Court can infer that a trust was created. *Norris v. Norris*, 40 Ohio Law Abs. 293, 57 N.E.2d 254 (Ct.App.1943), *appeal dismissed*, 142 Ohio St. 634, 53 N.E.2d 647 (1944); *Thomas v. Dye*, 66 Ohio Law Abs. 391, 117 N.E.2d 515 (C.P.1953), *rev'd on other grounds*, 70 Ohio Law Abs. 118, 127 N.E.2d 228 (Ct.App.1954). While not compelled to decide the issue in this case, it would appear that notwithstanding her testimony or her understanding of the legal effect of her actions, Shirley Ann Coulter's act in perfecting the purchase of the property for the benefit of her two wards should be considered to be a completed and in praesenti declaration of trust.

The Trustee's stronger argument against the creation of an express trust would seem to lie in his claim that the trust failed for lack of the requisite degree of certain-

ty. In particular, Shirley Ann Coulter's failure and inability to specify certain terms of the trust such as its duration and the conditions under which the trustee might distribute or expend money for the benefit of the cestui que trust would probably render the trust void for lack of certainty. *See Bilovocki v. Marimberga,* 62 Ohio App.2d 169, 405 N.E.2d 337 (1979)· (failure to establish terms and conditions under which beneficiary was to receive money from joint and survivorship account by clear and convincing evidence caused failure of express trust); *Gill v. Gill,* 4 Ohio Misc. 141, 212 N.E.2d 83 (P.Ct.1965) (Trust void for uncertainty due to failure to specify its duration and vagueness of powers given to trustee). Again, however, the Court need not decide this question under the circumstances of this case.

■ The evidence adduced at the trial of this matter clearly showed that the money used to purchase the insurance policies was solely the property of Shirley Ann Coulter. *See also, Hunter v. Phillips (In re Phillips),* 41 B.R. 148 (Bankr.N.D.Ohio 1984) (Funds in joint account solely owned by Shirley Ann Coulter). The admissible testimony and documentary evidence clearly and convincingly showed that Shirley Ann Coulter intended neither a gift nor a loan of the insurance policies to James Phillips, Jr. when they were purchased but that she intended that the value of the policies be held in trust for the benefit of Tracy Marie and Monica Lynn Coulter. Under these circumstances, assuming the failure of the creation of the express trust, it is the opinion of the Court that the policies are held in a resulting trust for the benefit of Shirley Ann Coulter.

■ A resulting trust is a type of implied trust which, in contrast to an express trust, is not created by the direct and positive act of the settlor but, instead, is founded upon the intention, implied in law, of the parties to a transaction. 53 Ohio Jur.2d Trusts § 4. In *First National Bank v. Tenney,* 165 Ohio St. 513, 138 N.E.2d 15, the Ohio Supreme Court set forth the defi-

nition of a resulting trust and the situations where, historically, resulting trusts have been found:

A resulting trust has been defined as 'one which the court of equity declares to exist where the legal estate in property is transferred or acquired by one under facts and circumstances which indicate that the beneficial interest is not intended to be enjoyed by the holder of the legal title.' 40 Ohio Jurisprudence, 240, Section 76. The device has historically been applied to three situations: (1) Purchase-money trusts; (2) instances where an express trust does not exhaust the *res* given to the trustee; and (3) express trusts which fail, in whole or in part. 2A Bogert on Trusts, 405 Section 451.

165 Ohio St. at 515–516, 138 N.E.2d at 17. In the present case, the Court finds, separately and independently, a resulting trust either by virtue of a purchase-money trust or by way of an express trust which has failed.

■ A purchase money resulting trust arises when one party pays the purchase price of the property but title is taken in the name of another. *Clemens v. Clemens (In re Clemens),* 472 F.2d 939, 942 (6th Cir.1972); *John Deere Indus. Equip. Co. v. Gentile,* 7 Ohio App.3d 251, 459 N.E.2d 611 (1983). *See generally,* 53 Ohio Jur.2d Trusts §§ 101, 103.

Basically a resulting trust of this class is grounded upon the presumed intention of the one paying the purchase price, who normally intends that the property bought therewith shall inure to his own benefit and not to that of another. The presumption is founded upon an intention generally inferred from the common human characteristic that when one buys property he intends to benefit by its use. But the presumption is a rebuttable one, and it may be both established and rebutted by parol evidence.

(footnotes omitted)

53 Ohio Jur.2d Trusts § 103 at 602. An exception is noted, however, when title is taken in the name of a natural object of the purchaser's bounty:

It is said that a resulting trust does not arise if the transferee is 'a natural object of bounty' of the person who pays the purchase price, *unless* it appears from other evidence that the person who paid the purchase price intended to retain a beneficial interest in the property. Restatement of the Law, Trusts 2d, at Section 442. In other words, the law presumes that a conveyance to an individual's own child without fair consideration is a gift, unless the presumption is overcome by other evidence tending to show that the parent conveyed only the bare legal title, and intended to retain her equitable ownership.

*John Deere v. Indus. Equip. Co. v. Gentile, supra*, 9 Ohio App.3d at 255, 459 N.E.2d at 616. *See also In re Clemens, supra*, 472 F.2d at 943; 53 Ohio Jur.2d Trusts § 104.

In the present case, it has previously been noted that all the consideration for the purchase of the life insurance policy was provided by Shirley Ann Coulter. In addition, Phillips having no formal legal relation to Coulter, he would not be the natural object of her bounty creating the presumption of a gift. *See* 5 Ohio Jur.2d Trusts § 104. In any event, even if Phillips were a natural object of Shirley Ann Coulter's bounty, the presumption of a gift is rebutted in this case by clear and convincing evidence of a contrary intent. *See In re Clemens, supra*, 472 F.2d at 943. Thus, under the theory of purchase money resulting trust, the debtors and the trustee in bankruptcy hold the property subject to equities in favor of Shirley Ann Coulter. *Id.*

Also, presuming the express trust attempted to be created by Shirley Ann Coulter failed due to either of the reasons specified, *supra*, a resulting trust arises in favor of the settlor, Shirley Ann Coulter.

Where a trust fails in whole or in part for failure of designation of beneficiaries; where the beneficiary named dies before his testator; where there is a deed in trust for a beneficiary who was dead at the time of the conveyance; where the beneficiary disclaims, or the trust fails for indefiniteness; or where for any other cause an express trust, the creation of which was attempted, fails in whole or in part, the trustee will hold the property as a resulting trust for the settlor or his heirs or next of kin as its nature may require.

(footnotes omitted)

53 Ohio Jur.2d § 98 at 593–594. *See also, Bilovocki v. Marimberga*, 62 Ohio App.2d 169, 405 N.E.2d 337 (1979).

For the foregoing reasons, it is hereby,

ORDERED that the Trustee's Complaint for Turnover of cash surrender value of Metropolitan Life Insurance policies No. 792 165 678A and 792 464 229A be, and hereby is, dismissed with prejudice.