## BELL et v DYER et

Ohio Appeals, 2nd Dist, Franklin Co

No 2720.   Decided March 12, 1937

B. F. Hughes, Columbus, for plaintiffs-appellants.

W. C. Bower, Columbus, for defendants-appellees.

. . . .

## OPINION

By THE COURT

The amended petition of the plaintiffs sought the interposition of the court to require the defendants to execute and deliver to them a second mortgage upon certain real estate described in the amended petition.

The amended petition avers substantially. that the parties entered into an agreement whereby a case in which the Dyers were plaintiffs and the Bells defendants was to be continued so that they might settle the matters involved out of court; that the Dyers owed the Bells upon a real estate purchase agreement the sum of $440.23 and were in arrears as to a part of this sum which was due at the time that the case, which had been postponed, was submitted to the court.

It is averred that the parties by a contract in writing agreed that an application should be made to The Home Owners Loan Corporation for a loan on the premises described to cover the balance of $440.23 due; that the H. O. L. C. refused to make a loan in the amount sought but made a loan in a lesser sum; that after applying the net proceeds from that loan to the balance due the Bells and other costs to which it was applicable there was a balance due the Bells in the sum of $81.63, for which the defendants agreed to execute a second mortgage on the premises.

It is averred that the plaintiffs prepared the deed by them to be made and tendered it to the Dyers; that a second mortgage deed to be executed and delivered by the Bells in the sum of $81.63 was prepared according to the terms agreed upon by the parties but that the Dyers refused to sign said mortgage.

The answer consisted of three defenses: First, general denial; the second, the Statute of Frauds, §8621, GC; and the third, that the plaintiffs agreed to and did accept The Home Owners Loan Corporation bonds described in plaintiffs' petition in full payment of all their claims against the defend-

ants. To this answer the plaintiffs filed a general denial.

The cause came to be tried upon the issues thus drawn and upon the evidence the court found for the defendants upon the proposition that the plaintiffs did not make sufficient showing to warrant the granting of the relief sought. From this judgment an appeal on questions of law and fact is prosecuted and some testimony was taken in this court.

We are of opinion that the evidence does not disclose that the contract by which the defendants were to be bound to give a second mortgage to the plaintiffs or any memorandum thereof is in writing, as provided by §8621, GC, and that this is essential under the Statute of Frauds. True, there is a letter from the attorney for the defendants in which it is proposed that they give a second mortgage to cover the deficiency after the application of the proceeds of the H. O. L. C. loan. This, however, would not be sufficient, because it does not appear that the attorney was authorized to bind his clients to execute such a mortgage, and if he were, the terms of the mortgage were not fixed with such particularity as to support a decree of specific performance. The authority to bind a principal to the execution of a deed, mortgage or transfer of other interest in real estate must clearly appear and it does not so appear in this record. There is testimony to the effect that the defendant orally agreed to give the mortgage which was prepared and which they refused to sign. This, of course, would not meet the requirements of the statute.

But it is urged that there is part performance on behalf of the plaintiffs which will take it out of the Statute of Frauds; that they had done all the things which they were required to perform under the agreement, namely, that they had prepared, signed, executed and tendered a deed for the premises to the defndants. In our judgment this is not part performance as contemplated by the statute. Had the defendants accepted the deed and the benefits thereof, then the plaintiffs would be in position to urge part performance of the contract between the parties but the mere preliminary steps incident to the consummation of the contract are not sufficient to bring the plaintiffs within the benefit of part performance and take it out of the Statute of Frauds.

Judgment for appellees.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.