In re Hendricus Joseph
**DeREE, Debtor.**

**Amy L. Bostic, Plaintiff,**

v.

**National City Bank, et al., Defendants.**

**Bankruptcy No. 07–60347.
Adversary No. 08–02061.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

March 26, 2009.

Michael T. Gunner, Hilliard, OH, for Debtor.

Amy L. Bostic, Columbus, OH, for Plaintiff.

### ORDER

C. KATHRYN PRESTON, United States Bankruptcy Judge.

This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.

IT IS SO ORDERED.

### MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This cause came on for consideration of the Plaintiff's Motion for Summary Judgment (Doc. 31), the Response (Doc. 34) filed by the first mortgage holder, National City Bank, the Response (Doc. 38) filed by the second mortgage holder, National City Bank, and the Reply (Doc. 39) filed by Plaintiff in the above captioned adversary proceeding.[1] The Court having considered

---

1. The remaining Defendants, Emily G. DeRee and Hendricus Joseph DeRee, were also served a copy of the Motion for Summary Judgment; however, neither party filed a responsive pleading to the Motion.

the record and the arguments of the parties, makes the following findings and conclusions.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (K). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## I. Standard of Review for Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7056, provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the movant satisfies this burden, the nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the nonmoving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When deciding a motion for summary judgment, all justifiable inferences must be viewed in a light most favorable to

the nonmoving party. *Matsushita Elec Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

The Sixth Circuit has articulated the following standard to apply when evaluating a motion for summary judgment:

> [T]he moving [party] may discharge its burden by "pointing out to the ... court ... that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."

*Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir.1997) (internal citations omitted). A material fact is one whose resolution will affect the determination of the underlying action. *Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir.1996). An issue is genuine if a rational trier of fact could find in favor of either party on the issue. *Schaffer v. A.O. Smith Harvestore Prods., Inc.*, 74 F.3d 722, 727 (6th Cir.1996) (citation omitted). "The substantive law determines which facts are 'material' for summary judgment purposes." *Hanover Ins. Co. v. American Eng'g Co.*, 33 F.3d 727, 730 (6th Cir.1994) (citations omitted). In determining whether each party has met its burden, the court must keep in mind that "[o]ne of the principal purposes of the

summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex*, 477 U.S. at 323–24, 106 S.Ct. 2548. If otherwise appropriate, summary judgment may also be entered for a nonmoving party. *K.E. Resources, Ltd. v. BMO Fin. Inc. (In re Century Offshore Mgmt. Corp.)*, 119 F.3d 409, 412 (E.D.KY.1997); *see also Celotex*, 477 U.S. at 326, 106 S.Ct. 2548 ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence.").

## II. Factual Background

Upon the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, the Court makes the following findings of fact: Defendant, Hendricus Joseph DeRee ("Debtor"), and Defendant, Emily G. DeRee ("Ms. DeRee"), jointly own real property located at 130 North Main Street, London, Ohio 43140 ("Property"). Defendant, National City Bank ("NCB"), claims to hold a first and second mortgage on the Property.[2] The Debtor and Ms. DeRee executed the first mortgage and second mortgage in May 2007, and they were recorded on May 15, 2007. The Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 26, 2007. Plaintiff, Amy Bostic ("Trustee"), is the duly appointed Chapter 7 Trustee.

The first mortgage contains the following handwritten language below the Debtor's signature: "SIGNING SOLELY TO RELEASE DOWER RIGHTS." In addition, the prefix "NON" is handwritten before the typewritten word "-Borrower" which also appears beneath the Debtor's signature on the first mortgage. The second mortgage contains the following handwritten language below the Debtor's signature: "NON–BORROWING SPOUSE SIGNING SOLELY TO RELEASE DOWER RIGHTS."

## III. Arguments of the Parties

The Trustee contends that the Debtor signed the first mortgage and second mortgage solely for the purpose of releasing his dower rights, and therefore, he did not grant a mortgage lien against and thereby encumber his ownership interest in the Property. Further, the Trustee seeks authorization to sell the Debtor's and Ms. DeRee's interests in the Property pursuant to 11 U.S.C. § 363(h).

NCB argues that the handwritten language indicating that the Debtor was signing the mortgage documents solely to release his dower rights was inserted by the notary without the authorization of NCB, the Debtor or Ms. DeRee. NCB further argues that the parties involved in executing the first mortgage and second mortgage intended that NCB would be granted a first and second mortgage lien against both the ownership interests of the Debtor and Ms. DeRee, and under Ohio law purchase money mortgages are enforceable liens even if they are defectively executed based upon the inferred intent of the parties involved in the transaction.

Finally, NCB asserts that the Trustee cannot seek authorization to sell the Property pursuant to 11 U.S.C. § 363(h) unless the Trustee has already secured a potential buyer, has offered to sell the Debtor's ownership interest to Ms. DeRee, and has successfully avoided NCB's mortgage liens against Debtor's ownership interest in the

---

**2.** Though the Complaint names National City Bank as one defendant, it has entered two separate appearances in this proceeding, one relative to the first mortgage it holds and one relative to the second mortgage it holds.

Property or provided adequate protection under 11 U.S.C. § 363(f).

## IV. Discussion

The Trustee seeks 1) a determination of the extent of the first mortgage and second mortgage on the Property with respect to the Debtor's ownership interest; and 2) authorization to sell the ownership interests of both the Debtor and Ms. DeRee in the Property pursuant to 11 U.S.C. § 363(h). "The term 'extent' refers to 'the scope of the property encompassed by or subject to the lien.'" *Stubbins v. HSBC Mortgage Servs. (In re Slack)*, 394 B.R. 164, 168 (Bankr.S.D.Ohio 2008) (quoting *In re Beard*, 112 B.R. 951, 955 (Bankr. N.D.Ind.1990)).

### A. Extent of First Mortgage and Second Mortgage Liens

■■■■ The key issue in this case is whether the Debtor encumbered his ownership interest in the Property by granting mortgage liens in favor of NCB. "Since the mortgage deed takes effect as a contract between the parties, the deed must be interpreted according to Ohio contract law." *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 804 (6th Cir. BAP 2007); *see also Stein v. Creter (In re Creter)*, 2007 WL 2615214, *4, 2007 LEXIS 3088, *11 (Bankr. N.D.Ohio 2007) (holding that "the Court must interpret the . . . mortgage according to Ohio contract law in order to determine the extent of the [mortgagee's] interest.") (citing *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 804 (6th Cir. BAP 2007)).

In construing a written contract, the court's paramount objective is to ascertain and give effect to the parties' intention. Generally, courts presume that the parties' intent resides in the language they employ in the contract.

When contract terms are unambiguous, courts will not, in effect, create a new contract by finding an intent not expressed in the clear contractual language.

*Rosepark Props. v. Buess*, 167 Ohio App.3d 366, 375, 855 N.E.2d 140 (Ohio Ct.App.2006) (citations omitted). "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." *Inland Refuse Transfer Co. v. Browning–Ferris Industries of Ohio, Inc.*, 15 Ohio St.3d 321, 322, 474 N.E.2d 271 (1984) (citation omitted). "A court will resort to extrinsic evidence in its effort to give effect to the parties' intentions only where the language is unclear or ambiguous, or where the circumstances surrounding the agreement invest the language of the contract with a special meaning." *Kelly v. Medical Life Ins. Co.*, 31 Ohio St.3d 130, 132, 509 N.E.2d 411 (1987) (citations omitted). "When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties." *Cincinnati Ins. Co. v. CPS Holdings, Inc.*, 115 Ohio St.3d 306, 308, 875 N.E.2d 31 (2007) (citation omitted). "If, however, the language is capable of two reasonable, but conflicting interpretations, then there is an issue of fact on what the parties intended." *Wells v. American Electric Power Co.*, 48 Ohio App.3d 95, 97, 548 N.E.2d 995 (Ohio Ct. App.1988). "It is not the responsibility or function of this court to rewrite the parties' contract in order to provide for a more equitable result." *Foster Wheeler Enviresponse v. Franklin County Convention Facilities Auth.*, 78 Ohio St.3d 353, 362, 678 N.E.2d 519 (1997). "A contract 'does not become ambiguous by reason of the fact that in its operation it will work a hardship upon one of the parties thereto.'" *Foster Wheeler Enviresponse*, 78 Ohio St.3d at 362, 678 N.E.2d 519 (quoting *Ohio*

*Crane Co. v. Hicks,* 110 Ohio St. 168, 172, 143 N.E. 388 (1924)).

 In this case, the language used in the first mortgage and second mortgage is clear and unambiguous. In both documents, the language directly below the Debtor's signature specifically states that he is "signing solely to release dower rights." The language could not be any clearer and is not susceptible to two conflicting interpretations. Accordingly, the language of the contract evidences the Debtor's intent to only release his dower interest. Because the language of the first mortgage and second mortgage is clear and unambiguous, this Court cannot consider any extrinsic evidence to interpret the same, including the affidavits submitted by NCB. Therefore, this Court finds that the first and second mortgage liens held by NCB extend to the ownership interest of Ms. DeRee only and do not extend to the Debtor's interest in the Property.[3]

 Furthermore, the only way an interest in real property can be granted is through a written document. In Ohio, the Statute of Frauds as it relates to real property provides as follows:

> No lease, estate, or interest either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law.

Ohio Rev.Code § 1335.04. Accordingly, a contract to grant a mortgage must be in writing. *See Bell v. Dyer,* 26 Ohio Law Abs. 278 (Ohio Ct.App.1937). In this case, NCB failed to produce a written document signed by the Debtor that evidences the granting of a mortgage with respect to his interest in the Property. To the contrary, the first mortgage and the second mortgage state that the Debtor intended only to release his dower rights when he executed the documents. Therefore, in accordance with the Statute of Frauds, the first and second mortgage do not grant a mortgage on the Debtor's interest in the Property as there is no written document to evidence the same.

NCB further contends that the Debtor's interest in the Property is subject to its mortgage liens because the transactions between the parties were purchase money transactions and relies upon *Lipps v. Lipps,* 87 N.E.2d 823 (Ohio Ct.App.1949) for support. *Lipps* involved an action by Mrs. Martha Lipps to (1) partition certain real estate deeded to her and her husband, and (2) quiet title in her name as against the mortgagee because her signature was forged on the mortgage documents. Mr. Lipps alleged that he had intended to purchase the real property jointly with his paramour, granting a mortgage to secure the funds borrowed for the acquisition. However, the deed and mortgage documents contained Mrs. Lipps' name as grantee and mortgagor along with Mr. Lipps. Mr. Lipps' paramour executed the mortgage documents by forging Mrs. Lipps' signature. The court determined when a husband arranges for the purchase of real estate and pays the purchase price, and title is conveyed to the husband and wife, the presumption is that the husband intended a gift of the undivided one-half to the wife. *Lipps v. Lipps,* 87 N.E.2d 823, 826 (Ohio Ct.App.1949). Further, the

---

3. In light of this discussion, the Court need not address the affidavits submitted by NCB to evidence the intent of the parties, in which affidavit the notary public attests that the

mortgage documents were altered after execution and without the consent of the parties involved in the transaction.

court determined that because Mrs. Lipps obtained legal title to the real estate as a donee, she could not acquire better title in the real property than her donor, Mr. Lipps, who "had no such unincumbered title to convey to her." *Lipps*, 87 N.E.2d at 827. Accordingly, the court held that based upon equitable principles, Mrs. Lipps' legal title in the real estate was subject to the mortgage lien.

NCB's reliance on *Lipps* is misplaced. First, in the instant case, the Debtor does not hold title in the Property as a gratuitous grantee, but instead was involved in the transactions between the parties. Second, as discussed above, the first mortgage and second mortgage clearly evidence the intent of the parties to only encumber Ms. DeRee's interest in the Property because the document expressly states that the Debtor was signing solely to release his dower rights. Finally, the *Lipps* decision is based on the equities involved in that case at the time of the transaction which are not present in the instant case.[4]

### B. Authority to Sell Real Estate Pursuant to 11 U.S.C. § 363(h)

The Trustee is authorized to sell the Debtor's interest and Ms. DeRee's interest in the Property pursuant to 11 U.S.C. § 363(h). Section 541 of the Bankruptcy Code provides that commencement of a case under Title 11 of the U.S.Code creates an estate comprised of all property in which the debtor has a legal or equitable interest. The Debtor's interest in the Property constitutes property of the estate, which is subject to being used, sold or leased by the Trustee pursuant to 11 U.S.C. § 363. "Property of the estate is subject to administration by the trustee for the benefit of the debtor's creditors. During its administration, estate property is subject to sale by the trustee under § 363(b)(1)." *Yoppolo v. Schwenker (In re Ziegler)*, 396 B.R. 1, 3 (Bankr.N.D.Ohio 2008).

11 U.S.C. § 363(h) provides as follows:

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of coowners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

---

4. Further, the *Lipps* court noted that Mr. Lipps "had possession of [the] deed, knowing that his wife was named as cograntee with him, for three or more years and never took any action to have the mistake ... corrected[,]" and such conduct was not consistent with his claim that he intended to have himself and his paramour named as grantees in the deed. Similarly, in this case, NCB has been aware of the fact that the Debtor signed the first mortgage and second mortgage solely to release his dower rights since May 2007, and yet it did nothing to correct the documents consistent with the alleged intention of the parties.

Accordingly, a sale pursuant to § 363(h) is permissible only if the four conditions set forth in those clauses numbered (1) through (4) are satisfied. *Ziegler*, 396 B.R. at 3.

In this case, neither the Debtor nor Ms. DeRee filed a response to the Trustee's Motion for Summary Judgment, and therefore, did not provide any evidence contradicting the Trustee's position that she is entitled to sell the Property pursuant to 11 U.S.C. § 363(h). As evidenced by the Trustee's affidavit in support of her Motion for Summary Judgment, she asserts, and there is no evidence in the record to the contrary, that at the time the Debtor filed his Chapter 7 petition, he had an undivided interest in the Property as a tenant in common, joint tenant, or tenant by the entirety. Although the Debtor and Ms. DeRee denied for want of knowledge a similar allegation in the Trustee's Complaint, they each admitted in their respective Answers that at the time of the filing of the bankruptcy petition, they jointly owned the Property by virtue of survivorship deed. Additionally, neither the Debtor nor Ms. DeRee filed an objection in response to the Trustee's Motion for Summary Judgment or filed any evidence to dispute that fact or indicate otherwise. NCB also did not submit any evidence to refute the Trustee's assertion that at the time the Debtor filed his Chapter 7 petition, he had an undivided interest in the Property as a tenant in common, joint tenant, or tenant by the entirety. Accordingly, this Court finds that the Debtor, at the time of the commencement of the case, owned an undivided interest in the Property as a joint tenant.

The Trustee states in her affidavit in support of her Motion for Summary Judgment that: 1) partition of the Property is impracticable; 2) sale of the estate's interest in the Property would realize less for the estate than the sale of such Property free of the interest of Ms. DeRee; 3) the benefit to the estate of a sale free of Ms. DeRee's interest outweighs the detriment to Ms. DeRee; and 4) the Property is not used in the production, transmission, or distribution for the sale of electric energy or natural or synthetic gas for heat, light, or power.

With respect to the first element under 11 U.S.C. § 363(h), the Trustee states in her affidavit that partition of the Property is impracticable. In the response filed by NCB, it agrees with the Trustee that partition is impracticable. The Debtor and Ms. DeRee, in their Answers, denied for want of knowledge the allegation in Trustee's Complaint that partition is impracticable, however, they failed to rebut the Trustee's position by providing evidence that a genuine issue of fact exists with respect to that element. Furthermore, other courts have recognized "that as a general proposition '[w]here property is a single family residence, there is no practicable manner of partition other than a sale and division of the proceeds.' " *Ziegler*, 396 B.R. at 4 (citations omitted). The Trustee's affidavit does not specifically state that the Property is a single family residence, however, the Debtor's Schedule A filed in the Chapter 7 bankruptcy case lists real property owned by the Debtor and describes the Property as "Residential Real Estate." *See* Schedule A (Bk. Doc. 1).[5] The Debtor also claimed a homestead exemption in the Property as evidenced by his amended Schedule C. *See* Amended Schedule C (Bk. Doc. 19). Accordingly, this Court finds that because the Property

---

**5.** Citation to documents contained in the Debtor's Chapter 7 bankruptcy case shall be designated by the reference "Bk. Doc."

appears to be a single family residence, and there being no evidence in the record to the contrary, partition of the Property is impracticable.

The second element requires the Trustee prove that the sale of the estate's interest in the Property would realize less for the estate than the sale of such property free of the interest of Ms. DeRee. The Trustee's affidavit asserts this to be true. Much like the first element:

> Other courts ... have found that "[i]t is generally accepted that the sale of a bankruptcy estate's undivided interest will generate substantially less than the sale of the property free of each owner's interest because of the chilling effect that the sale of the undivided interest usually has on prospective purchasers of the property."

*Ziegler,* 396 B.R. at 4 (quoting *Maxwell v. Barounis (In re Swiontek),* 376 B.R. 851, 866 (Bankr.N.D.Ill.2007) (taking judicial notice of this proposition pursuant to Fed. R.Evid. 201)). Again, according to the Answers on file, the Debtor and Ms. DeRee denied for want of knowledge the allegations in Trustee's Complaint that the estate would realize less if the Property is not sold free of Ms. DeRee's interest, but failed to file a responsive pleading to the Trustee's Motion for Summary Judgment to establish specific facts showing a genuine issue of fact exists regarding this element. In addition, NCB did not submit any evidence to controvert the Trustee's assertion with respect to this element. There being no evidence to the contrary, the Court finds that sale of the estate's undivided interest in the Property would realize significantly less for the estate than sale of such property free of the interests of Ms. DeRee.

The third element requires a finding that the benefit to the estate of a sale of the Property free of the interests of Ms. DeRee outweighs the detriment, if any, to her. "Detriment has been defined as 'economic hardship, as well as any loss, harm, injury or prejudice resulting from the involuntary displacement.'" *Ziegler,* 396 B.R. at 4 (quoting *Brown v. Phillips (In re Phillips),* 379 B.R. 765, 796 (Bankr.N.D.Ill. 2007)).

> For the estate, the primary concern is whether a significant dividend will be realized. Thus, if the trustee would receive little or no money from a sale due to liens or other encumbrances on the property, then the minimal benefit to the estate may be outweighed by the detriment to the co-owners.

*Ziegler,* 396 B.R. at 4 (citations omitted). In this case, Ms. DeRee denied the allegation in the Trustee's Complaint that the benefit of the estate of a sale of the Property free of the interest of Ms. DeRee outweighs the detriment, if any, to Ms. DeRee. However, Ms. DeRee did not file an objection in response to the Trustee's Motion for Summary Judgment, so the record is completely devoid of what impact if any the sale of the Property would have on Ms. DeRee.[6] Nonetheless, the Court notes that the Debtor's Schedule A values the Property at $140,000, and the Trustee indicates in her Motion for Summary Judgment that the applicable county auditor values the Property at $142,840. As previously discussed, the first mortgage and second mortgage lien do not extend to the Debtor's interest in the Property, so a sale of the Property free and clear of those liens is likely to produce a significant dividend for the estate to distribute to credi-

---

**6.** In the face of the Trustee's affidavit, a party cannot rely on pleadings, but must put forth evidence.

tors. Furthermore, Ms. DeRee has the right to match any purchase price offered for the Property pursuant to 11 U.S.C. § 363(i). NCB did not provide any specific evidence to refute the Trustee's assertion and the record with respect to this element. For the foregoing reasons and the fact that there is no evidence to the contrary, the Court finds that the benefit to the estate of a sale of the Property free of the interests of Ms. DeRee outweighs the detriment, if any, to her.

The fourth and final element under 11 U.S.C. § 363(h) requires that the Property not be used in the production, transmission, or distribution for the sale of electric energy or natural or synthetic gas for heat, light, or power. The Debtor and Ms. DeRee each admit in their respective Answers that the Property is not used in the production, transmission, or distribution for the sale of electric energy or natural or synthetic gas for heat, light, or power. NCB, however, argues that the Trustee fails to establish in her affidavit that she has personal knowledge of the use of the Property, and thus cannot prove this element of her cause of action. The Court believes it is unnecessary to determine whether the Trustee's assertion in her Affidavit is sufficient because based on the Debtor and Ms. DeRee's admissions, this Court finds the Property is not used in the production, transmission, or distribution for the sale of electric energy or natural or synthetic gas for heat, light, or power, no genuine issue of material fact exists with respect to this element under 11 U.S.C. § 363(h). Accordingly, this Court finds that the Trustee has satisfied all of the conditions of 11 U.S.C. § 363(h) and may sell both the interests of the estate and Ms. DeRee in the Property.

In response to the Trustee's request to sell the Property pursuant to 11 U.S.C. § 363(h), NCB further contends that the request is premature and should not be approved because: 1) the Trustee must first acquire a potential buyer for the Property; 2) the Trustee must afford Ms. DeRee her right of first refusal pursuant to 11 U.S.C. § 363(i) prior to any sale; 3) NCB is entitled to bid at the proposed sale pursuant to 11 U.S.C. § 363(k); and 4) the Trustee must either successfully avoid NCB's mortgage liens or receive a Court determination regarding the extent of the liens. This Court finds that these additional arguments asserted by NCB are without merit. The Trustee indicates in her Reply that, consistent with common practice, "[t]he ultimate sale of the real property would be accomplished by the filing of a motion for authority to sell real estate under the appropriate provisions of 11 U.S.C. § 363" with notice to all parties in interest once she has received authorization to sell both the Debtor's interest and Ms. DeRee's interest in the Property. Thus, all parties in interest will be afforded the opportunity to assert any rights they may be entitled to under 11 U.S.C. § 363 after the Trustee files her motion. Furthermore, the Trustee is not required to avoid the liens held by NCB because as set forth above, the Court has found that NCB's mortgage liens do not encumber the Debtor's interest in the Property. Accordingly, there is nothing for the Trustee to avoid.

## V. Conclusion

This Court finds that there is no genuine issue as to any material fact and that Plaintiff Trustee is entitled to judgment as a matter of law. For the reasons discussed above, because the first mortgage and second mortgage do not encumber the Debtor's interest in the real property located at 130 North Main Street, London, Ohio 43140, and the Trustee is authorized to sell both the interests of the Debtor and Ms. DeRee in the property located at 130

North Main Street, London, Ohio 43140 pursuant to 11 U.S.C. § 363(h), the Trustee's Motion for Summary Judgment is GRANTED.

The Court will enter a separate judgment consistent with the foregoing.